D3913340

| Mailing Address<br>P.O. Box 818<br>Thibodaux, LA 70302 | **Annette M. Fontana**<br>**Clerk of Court** | Physical Address<br>303 West 3rd Street<br>Thibodaux, LA 70301 |

## CITATION

| | |
|---|---|
| ANDRE CURRAULT | SEVENTEENTH JUDICIAL DISTRICT |
| VS | PARISH OF LAFOURCHE |
| TROY CURRAULT, ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-154342 | DIVISION E |

TO:   **NICHOLAS CURRAULT**
      **5246 HWY 1**
      **RACELAND, LA 70394**

**residing in the PARISH OF LAFOURCHE, STATE OF LOUISIANA**

You are hereby cited to comply with the demand contained in the certified copy of the:

### ORIGINAL PETITION

of which accompanies this citation. Alternatively, you should file an answer or other pleading to said Petition and/or Amended Petition in the office of the Clerk of the Seventeenth Judicial District Court, at 303 West 3RD. St., Thibodaux, Louisiana, within the delay provided in Article 1001 & 1151 of the Louisiana Code of Civil Procedure. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

   If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of Citation and service of Discovery Request.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, **May 11, 2026.**

**ANNETTE M. FONTANA**
**CLERK OF COURT**

**Deputy Clerk of Court**
**Lafourche Parish**

AMO TRIAL LAWYERS, LLC
ATTORNEYS AT LAW
604 WEST THIRD STREET
THIBODAUX, LA 70301

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On _____ on the _____ | On _____ by |
| Day of _____, 20____ | Leaving the same with _____ |
| | On the ____ day of |
| | _____, 20_____ |
| Dty. Sheriff LAFOURCHE Parish | Dty. Sheriff LAFOURCHE Parish |

### SERVICE COPY



EXHIBIT
"A"

D3913373

| Mailing Address | **Annette M. Fontana** | Physical Address |
|---|---|---|
| P.O. Box 818 | **Clerk of Court** | 303 West 3rd Street |
| Thibodaux, LA 70302 | | Thibodaux, LA 70301 |

## CITATION

| | |
|---|---|
| **ANDRE CURRAULT** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **TROY CURRAULT, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-154342** | **DIVISION E** |

TO:    **LOWER RIVER SHIP SERVICE, LLC**
**THROUGH ITS REGISTERED AGENT FOR SERVICE:**
**TROY CURRAULT**
**5246 HIGHWAY 1**
**RACELAND, LA 70394**

residing in the **PARISH OF LAFOURCHE, STATE OF LOUISIANA**

You are hereby cited to comply with the demand contained in the certified copy of the:

### ORIGINAL PETITION

of which accompanies this citation. Alternatively, you should file an answer or other pleading to said Petition and/or Amended Petition in the office of the Clerk of the Seventeenth Judicial District Court, at 303 West 3RD. St., Thibodaux, Louisiana, within the delay provided in Article 1001 & 1151 of the Louisiana Code of Civil Procedure. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.    A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of Citation and service of Discovery Request.

B.    When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.    The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, **May 11, 2026.**



**ANNETTE M. FONTANA**
**CLERK OF COURT**

**Deputy Clerk of Court**
**Lafourche Parish**

AMO TRIAL LAWYERS, LLC
ATTORNEYS AT LAW
604 WEST THIRD STREET
THIBODAUX, LA 70301

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On _____ on the _____ | On _____ by |
| Day of _____, 20 ___ | Leaving the same with _____ |
| | On the ___ day of |
| | _____, 20 _____ |
| Dty. Sheriff LAFOURCHE Parish | Dty. Sheriff LAFOURCHE Parish |

### SERVICE COPY

Lafourche Parish Clerk of Court    C-154342
Filed May 08, 2026 3:36 PM                    E
AUBREY L. LOUPE
Deputy Clerk of Court
E-File Received May 08, 2026 1:41 PM

ANDRE CURRAULT

VERSUS

TROY CURRAULT, NICHOLAS
CURRAULT, LOWER RIVER SHIP
SERVICE, LLC, ADAM NEELY
DAVIS, ADAM DAVIS LAW FIRM,
LLC, SIDNEY FREEMAN

17TH JUDICIAL DISTRICT COURT

DOCKET NO.:

PARISH OF LAFOURCHE

STATE OF LOUISIANA

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, ANDRE CURRAULT, a resident of Lafourche Parish, Louisiana, of the lawful age of majority, who petitions this Honorable Court as follows:

1.

Made Defendants herein are the following individuals and entities that are justly and truly indebted unto ANDRE CURRAULT, in a full and true sum as is reasonable in the premises, together with penalties, attorney's fees, and legal interest thereon from the date of judicial demand, until paid, and for all other just and equitable relief to which he may be entitled:

a) TROY CURRAULT, a person of the full age of majority, domiciled in Lafourche Parish, Louisiana;

b) NICHOLAS CURRAULT, a person of the full age of majority, domiciled in Lafourche Parish, Louisiana;

c) LOWER RIVER SHIP SERVICE, LLC ("LRSS"), a Louisiana limited liability company, licensed to do and doing business in the State of Louisiana;

d) ADAM NEELY DAVIS, a person of the full age of majority, domiciled in St. Tammany Parish, Louisiana;

e) ADAM DAVIS LAW FIRM, LLC ("ADAM DAVIS LAW FIRM"), a Louisiana limited liability company, licensed to do and doing business in the State of Louisiana; and

f) SIDNEY FREEMAN, a person of the full age of majority, believed to be a resident of and domiciled in Lafourche Parish, Louisiana, whose present mailing address is unknown at this time.

2.

LRSS owns and operates a facility on the Lower Mississippi River in St. Rose, Louisiana. LRSS is co-owned and controlled by Troy Currault and Nicholas Currault. Troy Currault is also the father of both Nicholas Currualt and the Petitioner, Andre Currault.

1

Certified True and
Correct Copy
CertID: 2026051100048

Lafourche Parish
Deputy Clerk Of Court

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

3.

LRSS, Andre Currault, Troy Currault, and Nicholas Currault conducted a salvage operation, salving multiple barges owned by American River Transportation Co., LLC ("ARTCO") that had apparently broken free of their moorings on the Mississippi River during Hurricane Ida.

4.

At all relevant times to the salvage operation, Nicholas Currault was the Captain of the M/V SHELL FUELER. Andre Currault was a Deckhand aboard the M/V SHELL FUELER. Troy Currault was at the LRSS facility, allegedly acting as lookout for the vessel and crew. The M/V SHELL FUELER ultimately carried out the salvage efforts by catching and pushing the barges to the bank of the river where they were secured, to the benefit of ARTCO, surrounding marine property, facilities, and the environment.

5.

As a result of the salvage effort, LRSS, Andre Currault, Troy Currault, and Nicholas Currault brought marine salvage claims against ARTCO under the International Convention of Salvage, 1989, and/or General Maritime Law in the United States District Court, Eastern District of Louisiana, in the case captioned, "*Ascot Insurance Company, et al v. American River Transportation Company, LLC*," Civil Action No. 22-2874 c/w 22-2966, 22-2979 and 23-2542.

6.

At all relevant times, the four aforementioned salvage plaintiffs were represented by Adam Neely Davis with the Adam Davis Law Firm in connection with their salvage claims.

7.

Leading up to the trial of this matter, Adam Neely Davis represented to the Court that his clients had agreed to resolve the division of their salvage award amicably between themselves, despite the fact that each plaintiff was required to carry their burden of proof for entitlement to a salvage award at trial. Put simply, Mr. Davis requested that the Court enter a global salvage award for all plaintiffs.

8.

In fact, the Joint Pretrial Order, filed on April 10, 2024, provides the following statement prepared by counsel:

> "Salvage Plaintiffs have agreed to resolve the division of their salvage award amicably between themselves such that this Honorable Court will not need to

2


**Certified True and Correct Copy**
CertID: 2026051100048

Lafourche Parish
Deputy Clerk Of Court

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

adjudicate that issue at trial. ARTCO objects to Salvage Plaintiffs' degradation of its burden of proof, to the extent it can be construed as such, and their determination that the Court need not adjudicate and apportion damages as to each Salvage Plaintiff. Because Salvage Plaintiffs appeared individually as distinct parties in this claim, ARTCO maintains that they bear the burden of proving each of their entitlement to recover for alleged salvage. Counsel is otherwise unaware of any other matters that might expedite the disposition of this case."

9.

However, at no point in time did defendant, Adam Neely Davis, obtain Petitioner's consent to enter such an agreement for the award to be divided amicably amongst his clients. There was no such agreement between his clients despite his representations to the Court that an agreement was in place. Mr. Davis never discussed the request for a global salvage award to be entered by the Court with Petitioner. Petitioner first became aware of defendant, Davis', representation of such an agreement to the Court on or about February 25, 2026.

10.

On June 14, 2024, following a bench trial before the Honorable Wendy Vitter, the Court issued its Findings of Fact and Conclusions of Law. In footnote 7, the Court recognizes the alleged agreement to resolve the division of any salvage award amicably. Therein, the Court globally awarded $3,761,500.00, along with prejudgment interest, to LRSS, Andre Currault, Troy Currault, Nicholas Currault, and Sidney Freeman.[1]

11.

ARTCO appealed the Judgment. The United States Court of Appeals for the Fifth Circuit affirmed the district court's Judgment on December 8, 2025.

12.

Thereafter, ARTCO allegedly wired funds to Adam Neely Davis in satisfaction of the Judgment rendered against it and in favor of LRSS, Andre Currault, Troy Currault, Nicholas Currault, and Sidney Freeman. A Motion for Order of Satisfaction of Judgment was filed with the district court on March 5, 2026.

13.

After receipt of the funds, and without the approval of Petitioner, the sum of $850,000 from the global award was tendered to the fifth member of the Salvage Plaintiffs, Sidney Freeman, in satisfaction of his claim. Upon information and belief, Troy Currault and/or Nicholas Currault approved the tender, and the transfer was made to counsel for Sidney Freeman

---

[1] Sidney Freeman was a fifth member of the Salvage Plaintiffs.

3



Certified True and
Correct Copy
CertID: 2026051100048

Lafourche Parish
Deputy Clerk Of Court

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

by Adam Neely Davis at the direction of Troy Currault and/or Nicholas Currault. Again, at no time was Petitioner advised that funds were being paid to Sidney Freemen, nor was his consent sought or given to tender $850,000 to Sidney Freeman.

14.

Thereafter, the remainder of the funds were initially tendered by Adam Neely Davis to Troy Currault. Troy Currault and Nicholas Currault, upon information and believe, intended to keep any and all funds due to Petitioner, without attempting to amicably resolve the division of the funds with Petitioner contrary to the representations made to the Court.

15.

When questions arose regarding Petitioner's share of the award, Adam Neely Davis was able to secure a return of the funds from Troy Currault and Nicholas Currault, and the funds were placed back in the trust account of the Adam Davis Law Firm.

16.

Despite the representations made to the Court, LRSS, Tory Currault, and Nicholas Currault have continually refused to tender any funds to Petitioner. From their actions and inactions, it is clear that LRSS, Troy Currault and Nicholas Currault never intended to amicably resolve the division of the salvage award with Petitioner and intentionally misled the Court in this regard. As such, the remainder of the funds from the Judgment remain in the trust account of Adam Davis Law Firm, and Petitioner has been forced to hire separate counsel and incur additional costs and attorney fees to pursue his share of salvage award.

## CAUSES OF ACTION AGAINST LRSS, TROY CURRAULT AND NICHOLAS CURRAULT

### FRAUD

17.

Petitioner repeats and realleges the allegations contained in paragraphs 1 through 16 hereinabove, as if copied *in extenso*.

18.

Troy Currault, Nicholas Currault, and LRSS through its principals and agents misrepresented a material fact to the Court. That is, that an agreement had been reached amongst the Salvage Plaintiffs to amicably resolve the division of the salvage award, where no such agreement ever existed or was even discussed with Petitioner. Despite demand being made

4

**Certified True and Correct Copy**
CertID: 2026051100048

Lafourche Parish
Deputy Clerk Of Court

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

through separate counsel, these defendants refuse to tender any funds to Petitioner evidencing no intent to divide the funds amicably with Petitioner and instead to keep the funds for themselves. This misrepresentation was made with the intent to deceive the Court, such that an individual award would not be made to Petitioner. Thus, relying on this misrepresentation, the Court issued a global salvage award which LRSS, Troy Currault, and Nicholas Currault intends to keep from Petitioner.

19.

As a result of the fraud, Petitioner has sustained damages, in that he has not received a salvage award, and has been forced to retain counsel and incur attorney's fees to bring this action.

## UNFAIR TRADE PRACTICES

20.

Petitioner repeats and realleges the allegations contained in paragraphs 1 through 19 hereinabove, as if copied *in extenso*.

21.

The Louisiana Unfair Trade Practices Act ("LUTPA") affords a private right of action to any person or entity who suffers ascertainable loss as a result of unfair or deceptive acts or practices.

22.

Petitioner asserts that the conduct of Troy Currault, Nicholas Currault, and LRSS though its principals and agents herein is deceptive, unscrupulous, and unethical, in violation of LUTPA, and that he has sustained an ascertainable loss. See La. R.S. 51:1401, *et seq.*

23.

As result of the actions and/or inactions of Troy Currault, Nicholas Currault, and LRSS in violation of LUTPA, Petitioner is entitled to his actual damages, treble damages as provided by LUTPA, and attorney's fees.

5

**Certified True and Correct Copy**
CertID: 2026051100048

Lafourche Parish
Deputy Clerk Of Court

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## CAUSES OF ACTION AGAINST ADAM NEELY DAVIS AND ADAM DAVIS LAW FIRM

### LEGAL MALPRACTICE[2]

24.

Petitioner repeats and realleges the allegations contained in paragraphs 1 through 19 hereinabove, as if copied *in extenso.*

25.

Defendant, Adam Neely Davis, failed to consult his client, the Petitioner herein, regarding any alleged agreement to amicably divide the salvage award, in breach of his duties and obligations owed to Petitioner. Without consulting Petitioner, he also assisted LRSS, Troy Currault, and Nicholas Currault in misrepresenting to the Court that such an agreement had been reached between the Salvage Plaintiffs.

26.

At all times pertinent hereto, Adam Neely Davis was an employee and/or member of Adam Davis Law Firm, and in the course and scope of this employment, causing Adam Davis Law Firm to also be liable under the doctrine of *respondeat superior.*

27.

As a result of Defendant's legal malpractice, Petitioner has sustained damages, in that he has not received a salvage award, and has been forced to retain counsel and incur attorney's fees to bring this action.

### CAUSES OF ACTION AGAINST SIDNEY FREEMAN

28.

Petitioner repeats and realleges the allegations contained in paragraphs 1 through 19 hereinabove, as if copied in extenso.

29.

Defendant, Sidney Freeman, is liable to Petitioner for the return of the $850,000 paid to him without the consent of Petitioner, pursuant to La. C.C. Art. 2299 *et seq.* La. C.C. Art. 2299 provides that a person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it. Moreover, La. C.C. Art. 2301 provides that a thing is

---

[2] The remaining funds related to the Judgment remain in the trust account of Adam Davis Law Firm. In the event that Adam Neely Davis and the Adam Davis Law Firm do not place the funds in the registry of this Court pending resolution of this matter, Petitioner reserved the right to amend his Petition for Damages to include causes of action for conversion and misappropriation of funds.

6



Lafourche Parish
Deputy Clerk Of Court

**Certified True and Correct Copy**
CertID: 2026051100048

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

not owed when it is paid or delivered for discharge of an obligation that is subject to a suspensive condition.

30.

As a co-owner of the global salvage award, Petitioner's consent was a necessary and suspensive condition to disbursement of $850,000 to Sidney Freeman.

31.

At this time, Petitioner only seeks a return of the funds paid to Sidney Freeman, to be placed in the registry of the Court, until this Court can determination proper distribution of the global salvage award.

32.

Alternatively, Petitioner asserts that Sidney Freeman has been unjustly enriched, at the expense of Petitioner and without justification, since there has been no judicial determination or agreement regarding the proper distribution of the global salvage award.

JURY DEMAND

33.

Petitioner further avers that the amount in controversy exceeds that which is required for a trial by jury and he desires a trial by jury on all issues.

**WHEREFORE**, Petitioner, ANDRE CURRAULT prays that he be granted a jury trial, and after due proceedings are had, this Honorable Court grant judgment in his favor and against defendants, TROY CURRAULT, NICHOLAS CURRAULT, LOWER RIVER SHIP SERVICE, LLC, ADAM NEELY DAVIS, AND ADAM DAVIS LAW FIRM, LLC, jointly, severally, and *in solido* for an amount reasonable in the premises, including but not limited to punitive/treble damages, attorney's fees, court costs, and legal interest from the date of demand until paid, and any and all general and equitable relief to which Petitioner is entitled.

Petitioner, ANDRE CURRAULT, further prays for judgment pursuant to La. C.C. Art. 2299 *et seq.* against defendant, SIDNEY FREEMAN, ordering the return of the sum of $850,000 previously received by him, to be placed into the registry of the Court until this Court can determination proper distribution of the global salvage award.

7

**Certified True and Correct Copy**
CertID: 2026051100048

Lafourche Parish
Deputy Clerk Of Court

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully submitted,

AMO TRIAL LAWYERS, LLC

DAVID W. ARDOIN, L.B.N. 24282
PRESTON L. HAYES, L.B.N. 29898
RYAN P. MONSOUR, L.B.N. 33286
604 West Third Street
Thibodaux, Louisiana 70301
Telephone: (985) 446-3333
Facsimile: (985) 446-3300
david@amotriallawyers.com
preston@amotriallawyers.com


**PLEASE SERVE:**

**TROY CURRAULT**
4531 Veronese St.
New Orleans, LA 70394
(Personal Service Only)

**NICHOLAS CURRAULT**
5246 Hwy. 1
Raceland, LA 70394

**LOWER RIVER SHIP SERVICE, LLC**
Through its registered agent for service of process:
Troy Currault
5246 Highway 1
Raceland, LA 70394

**ADAM NEELY DAVIS**
22364 Level Street
Abita Springs, LA 70420
(Personal Service Only)

**ADAM DAVIS LAW FIRM, LLC**
Through its registered agent for service of process:
Adam Neely Davis
22364 Level Street
Abita Springs, LA 70420


**PLEASE WITHHOLD SERVICE:**

**SIDNEY FREEMAN**

8

**Certified True and
Correct Copy**
CertID: 2026051100048

Lafourche Parish
Deputy Clerk Of Court

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafourche Parish Clerk of Court    C-154342
Filed May 08, 2026 3:36 PM            E
AUBREY L. LOUPE
Deputy Clerk of Court
E-File Received May 08, 2026 1:41 PM

| | |
|---|---|
| **ANDRE CURRAULT** | **17TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | **DOCKET NO.:** |
| **TROY CURRAULT, NICHOLAS CURRAULT, LOWER RIVER SHIP SERVICE, LLC, ADAM NEELY DAVIS, ADAM DAVIS LAW FIRM, LLC, SIDNEY FREEMAN** | **PARISH OF LAFOURCHE** |
| | **STATE OF LOUISIANA** |

## REQUEST FOR WRITTEN NOTICE

TO THE HONORABLE THE SEVENTEENTH JUDICIAL DISTRICT COURT, SITTING IN AND FOR THE PARISH OF LAFOURCHE, STATE OF LOUISIANA:

Pursuant to Louisiana Code of Civil Procedure, Article 1572, the Honorable Clerk of Court of the Parish of Lafourche is hereby requested to give the undersigned counsel written notice by mail at least ten (10) days in advance, of the date fixed for the trial or hearing of this cause, whether on exception, rule or on the merits.

The Honorable Clerk of Court for the Parish of Lafourche is further requested to forward the undersigned counsel notice of any order or judgment rendered in this cause immediately upon entry of such order or judgment.

Respectfully submitted,

AMO TRIAL LAWYERS, LLC

DAVID W. ARDOIN, L.B.N. 24282
PRESTON L. HAYES, L.B.N. 29898
RYAN P. MONSOUR, L.B.N. 33286
604 West Third Street
Thibodaux, Louisiana 70301
Telephone: (985) 446-3333
Facsimile: (985) 446-3300
david@amotriallawyers.com
preston@amotriallawyers.com

9



Certified True and
Correct Copy
CertID: 2026051100049

Lafourche Parish
Deputy Clerk Of Court

Generated Date:
5/11/2026 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).