**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ANDRE CURRAULT** | * | **NO. 26−CV−01113** |
| | * | |
| ***Plaintiff,*** | * | |
| **VERSUS** | * | **JUDGE: WENDY B. VITTER** |
| | * | |
| | * | |
| **TROY CURRAULT, NICHOLAS CURRAULT, LOWER RIVER SHIP SERVICE, LLC ADAM NEELY DAVIS, ADAM DAVIS LAW FIRM, LLC and SIDNEY FREEMAN** | * | **MAG. KAREN WELLS ROBY** |
| ***Defendants.*** | * | |
| * * * * * * | * | |

**ADAM NEELY DAVIS AND ADAM DAVIS LAW FIRM, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW INTO COURT¸ through undersigned counsel, comes Defendants, Adam Neely Davis and Adam Davis Law Firm, LLC (hereinafter "Defendants") who, in answer to the Petition for Damages filed by Plaintiff, Andre Currault ("Plaintiff"), responds as follows:

**FIRST DEFENSE**

Any allegation contained in the Petition that is not specifically and expressly admitted is denied.

**SECOND DEFENSE**

Defendants affirmatively plead that Plaintiff's legal malpractice claim is preempted in whole or in part, pursuant to La. R.S. 9:5605, which requires that legal practice actions be filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered, and in all events, within three years of the alleged act, omission, or neglect, regardless of the date of discovery.

**THIRD DEFENSE**

Defendants affirmatively plead that they breached no duty owned to Plaintiff. Defendants exercised the degree of skill, care, and diligence ordinarily exercised by attorneys practicing in the same or similar circumstances.

**FOURTH DEFENSE**

Defendants affirmatively plead that Plaintiff's claims are barred, in whole or in part, because any damages sustained by Plaintiff, if any, were caused solely and proximately by the acts, omissions, and/or intentional conduct of third parties, over whom Defendants had no control and for whose conduct Defendants are not legally responsible.

**FIFTH DEFENSE**

In the alternative, Defendants affirmatively plead that any recovery by Plaintiff must be reduced in proportion to the fault of all other persons or entities who contributed to the alleged damages pursuant to the applicable principles of comparative fault.

**SIXTH DEFENSE**

Defendants affirmatively plead that Plaintiff had failed to sustain any actual damages proximately caused by Defendants, as the funds at issue remain in the trust account of Adam Davis Law Firm, LLC pending resolution of the division of the salvage award.

**SEVENTH DEFENSE**

Defendants affirmatively plead that Plaintiff had failed to mitigate his damages, if any, and that any recovery should be reduced accordingly.

**EIGHTH DEFENSE**

Defendants reserves the right to assert any and all additional affirmative defenses that may become apparent through discovery and further investigation, and to amend this Answer

accordingly.

AND NOW, subject to and without waiving the foregoing Affirmative Defenses, Defendants answer the correspondingly numbered paragraphs of the Petition for Damages as follows:

1.

Defendant admits the allegations in Paragraph 1 as it relates to the status of Adam Neely Davis and Adam Davis Law Firm, LLC. The remainer of the allegations in Paragraph are denied for a lack of information sufficient to justify a belief therein.

2.

The allegations in Paragraph 2 are denied for a lack of information sufficient to justify a belief therein.

3.

The allegations in Paragraph 3 contain legal conclusions and do not require a response. To the extent a response is required, the allegations in Paragraph 3 are denied for a lack of information sufficient to justify a belief therein.

4.

The allegations in Paragraph 4 contain legal conclusions and do not require a response. To the extent a response is required, the allegations in Paragraph 4 are denied for a lack of information sufficient to justify a belief therein.

5.

The allegations in Paragraph 5 are admitted.

6.

The allegations in Paragraph 6 are admitted.

7.

The allegations in Paragraph 7 are admitted.

8.

The allegations in Paragraph 8 are admitted

9.

The allegations in Paragraph 9 are denied.

10.

The allegations in Paragraph 10 are admitted.

11.

The allegations in Paragraph 11 are admitted.

12.

The allegations in Paragraph 12 are admitted.

13.

The allegations in Paragraph 13 are denied.

14.

The allegations in Paragraph 14 are admitted insofar as the funds were initially tendered by Defendant. The remaining allegations of Paragraph 14 denied for a lack of information sufficient to justify a belief therein.

15.

The allegations in Paragraph 15 are admitted insofar as the funds were placed into the trust account of the Adam Davis Law Firm. The remaining allegations of Paragraph 15 are denied for lack of information sufficient to justify a belief therein.

16.

The allegations in Paragraph 16 are admitted insofar as the funds remain in the trust account of Adam Davis Law Firm. The remaining allegations pertain to other parties and do not require a response from these Defendants. To the extent a response be deemed necessary, the remaining allegations of Paragraph 17 are denied for lack of information sufficient to justify a belief therein.

CAUSES OF ACTION AGAINST LRSS, TROY CURRAULT
AND NICHOLAS CURRAULT

**FRAUD**

17.

Defendants reincorporate and reallege their responses to Paragraphs 1-19 above as if copied *in extenso.*

18.

The allegations in Paragraph 18 pertain to other parties and do not require a response from these Defendants. To the extent a response be deemed necessary, the allegations of Paragraph 18 are denied for lack of information sufficient to justify a belief therein.

19.

The allegations in Paragraph 19 pertain to other parties and do not require a response from these Defendants. To the extent a response be deemed necessary, the allegations of Paragraph 19 are denied for lack of information sufficient to justify a belief therein.

**UNFAIR TRADE PRACTICES**

20.

Defendants reincorporate and reallege their responses to Paragraphs 1-19 above as if copied *in extenso.*

21.

The allegations in Paragraph 21 contain a legal conclusion to which no response to required. To the extent a response be deemed necessary, the allegations of Paragraph 21 are denied for lack of information sufficient to justify a belief therein.

22.

The allegations in Paragraph 22 contain a legal conclusion to which no response to required. To the extent a response be deemed necessary, the allegations of Paragraph 22 are denied for lack of information sufficient to justify a belief therein.

23.

The allegations in Paragraph 21 contain a legal conclusion to which no response to required. To the extent a response be deemed necessary, the allegations of Paragraph 21 are denied for lack of information sufficient to justify a belief therein.

CAUSES OF ACTION AGAINST ADAM NEELY DAVIS
AND ADAM DAVIS LAW FIRM

24.

Defendants reincorporate and reallege their responses to Paragraphs 1-19 above as if copied *in extenso.*

25.

The allegations in Paragraph 25 are denied.

26.

The allegations in Paragraph 26 are admitted insofar as to the scope of employment. The allegations relating to the doctrine of *respondeat superior* contain legal conclusions which do not require a response. To the extent that a response is necessary, the allegations of Paragraph 26 are denied for lack of information sufficient to justify a belief therein.

27.

The allegations of Paragraph 27 contain legal conclusions which do not require a response. To the extent that a response is necessary, the allegations of Paragraph 26 are denied for lack of information sufficient to justify a belief therein.

CAUSES OF ACTION AGAINST SIDNEY FREEMAN

28.

Defendants reincorporate and reallege their responses to Paragraphs 1-19 above as if copied *in extenso.*

29.

The allegations in Paragraph 29 pertain to other parties and do not require a response from these Defendants. To the extent a response be deemed necessary, the allegations of Paragraph 29 are denied for lack of information sufficient to justify a belief therein.

30.

The allegations in Paragraph 30 pertain to other parties and do not require a response from these Defendants. To the extent a response be deemed necessary, the allegations of Paragraph 30 are denied for lack of information sufficient to justify a belief therein.

31.

The allegations in Paragraph 31 do not require a response. To the extent a response be deemed necessary, the allegations of Paragraph 31 are denied for lack of information sufficient to justify a belief therein.

32.

The allegations in Paragraph 32 do not require a response. To the extent a response be deemed necessary, the allegations of Paragraph 32 are denied for lack of information sufficient to

justify a belief therein.

33.

The allegations in Paragraph 33 do not require a response.

Respectfully Submitted,

*/s/ Richard G. Duplantier, Jr.*

**RICHARD G. DUPLANTIER, JR. (#18874)**
**CRISTY K. CHAZAN (#39015)**
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
701 Poydras St., 40TH Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
***Attorneys for Adam Neely Davis and Adam Davis Law Firm, LLC***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 4th day of August, 2026, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard G. Duplantier, Jr.*

**RICHARD G. DUPLANTIER, JR.**